Filed 10/27/25  P. v. Griffin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES EDWARD GRIFFIN II,<br><br>    Defendant and Appellant. | C101857<br><br>(Super. Ct. No. 115423) |

Defendant Charles Edward Griffin II appeals a judgment entered following his resentencing under Penal Code section 1172.75.[1]  He contends that the trial court abused its discretion when it declined to dismiss two sentence enhancements, refused to strike the finding that he acted with deliberation and premeditation in committing attempted murder, and declined to stay under section 654 the indeterminate term for his attempted murder conviction.  We will affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

After Griffin and the victim quarreled over a narcotics transaction, Griffin lay in wait for the victim. As the victim drove by, Griffin fired at him twice with a shotgun, causing severe wounds. (*People v. Griffin* (Apr. 26, 1994, C016151) [nonpub. opn.].)

In 1993, a jury found Griffin guilty of first degree attempted murder (§§ 664, 187), shooting at an occupied vehicle (§ 246), and being a felon in possession of a firearm (former § 12021). The jury further found that the attempted murder was deliberate and premeditated. The jury also found true the allegations that Griffin inflicted great bodily injury (§ 12022.7) and that he used a firearm (§ 12022.5, subd. (a)). The trial court found true allegations that Griffin committed the offenses while out on bail (§ 12022.1), had a prior serious felony conviction (§ 667, subd. (a)), and served two prior prison terms (former § 667.5, subd. (b)). The court sentenced Griffin to life with the possibility of parole plus 17 years. This court affirmed the judgment.

Thereafter, the Legislature amended section 667.5, subdivision (b) "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) It also created a recall and resentencing procedure to provide affected defendants a remedy for now-invalid enhancements. (*Ibid.*) According to that procedure, the Department of Corrections and Rehabilitation (the Department) notifies the sentencing court that a defendant is serving a sentence that includes a qualifying section 667.5, subdivision (b) enhancement. (§ 1172.75, subd. (b).) The sentencing court then reviews the current judgment and verifies eligibility. (§ 1172.75, subd. (c).) If eligible, the defendant is resentenced. (*Ibid.*) Resentencing under the statute "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) Resentencing under this section "shall not result in a longer sentence than the one originally imposed." (*Ibid.*)

2

When resentencing an eligible defendant, the "court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The court may consider postconviction factors such as a defendant's disciplinary record and rehabilitative efforts while incarcerated; evidence that age, time served, or diminished physical condition has reduced the defendant's risk of future violence; and evidence of changed circumstances "so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

In this case, the Department notified the trial court that Griffin was eligible for resentencing under section 1172.75. The court appointed counsel for Griffin and allowed the parties to file briefs. Griffin's brief emphasized his efforts at rehabilitation and asked the court to strike the prior prison term enhancements, dismiss the sentencing enhancements under section 1385, subdivision (c), stay the sentence for attempted murder under section 654, and if not, reduce the attempted murder conviction from first to second degree. He reasoned that the interests of justice were no longer served by his continued incarceration given his age and postconviction conduct. The People agreed that Griffin's two prior prison term enhancements should be stricken but otherwise opposed a reduction in his sentence.

At an August 2024 resentencing hearing, the trial court recalled Griffin's sentence and struck the two prior prison term enhancements. The court also struck the prior serious felony conviction enhancement and stayed the on-bail enhancement. It reimposed the firearm use and great bodily injury enhancements. It declined to stay the sentence for the attempted murder conviction, instead staying the sentences for gun possession and discharge of a firearm. It sentenced Griffin to seven years to life for the attempted murder plus five years for the firearm enhancement and three years for the great bodily injury enhancement. The court said: "So maybe this sends a message to the Parole

3

Board that he should be released, that he's not as dangerous as once indicated back in 1991, he was sentenced in '93. [¶] . . . [¶] Mr. Griffin, I did what I could do for you. I don't know if the Parole Board is going to look at what happened here today as something as a positive in trying to make a determination whether or not you should be paroled. [¶] You have made great strides in your rehabilitation. There's been [a] couple hic[c]ups while in there. We'll see what the Parole Board does."

Griffin timely appealed.

DISCUSSION

We review a trial court's sentencing decisions for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*).) Use of an incorrect legal standard demonstrates an abuse of discretion. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)

Griffin challenges his sentence on three grounds. First, Griffin contends that the trial court erred in not dismissing the firearm and great bodily injury enhancements associated with his attempted murder conviction. He argues that his record of rehabilitation demonstrates that "continued incarceration is no longer in the interest of justice" under section 1172.75, subdivision (d)(3).

The trial court considered Griffin's criminal and prison record, age, and rehabilitative efforts, as permitted under that section. We see no indication in the record that the court misunderstood its discretion (*People v. Gonzalez*, *supra*, 103 Cal.App.5th at p. 225) or acted arbitrarily in striking some, but not all, of the sentencing enhancements (*Carmony*, *supra*, 33 Cal.4th at pp. 376-377). Griffin mentions section 1385, subdivision (c)(2)(C) in passing, but he does not argue that the trial court failed to give

4

great weight to any applicable mitigating factors. (See § 1385, subd. (c)(2); *People v. Walker* (2024) 16 Cal.5th 1024, 1029.) In any event, that provision does not assist Griffin, because it applies where "[t]he application of an enhancement could result in a sentence over 20 years." (§ 1385, subd. (c)(2)(C).) Here, Griffin's indeterminate life sentence, not the remaining eight years of determinate enhancements, resulted in a sentence over 20 years. We are also unpersuaded by Griffin's claim that the trial court improperly placed the onus of deciding whether to release him on the Board of Parole Hearings. Given the court's decision not to stay Griffin's indeterminate sentence and considering that Griffin had already served 32 years in prison, we perceive no error in the court's observation that its determinate sentencing choices would not control Griffin's release date.

Second, Griffin argues that the trial court abused its discretion in declining to strike the finding that he acted with deliberation and premeditation in committing attempted murder. His briefing on appeal contends that section 1385, subdivision (a) authorized the trial court to grant this relief. Griffin, however, never asked the trial court to consider striking the deliberation and premeditation finding under that provision. Rather, Griffin's resentencing brief asked the court to consider imposing a sentence for attempted murder in the second degree because the information in his case had failed to allege that he acted with deliberation and premeditation. Griffin's current contention is therefore forfeited. (See, e.g., *Carmony*, *supra*, 33 Cal.4th at pp. 375-376 ["any failure on the part of a defendant to invite the court to dismiss under section 1385 . . . . waives or forfeits his right to raise the issue on appeal"]; *People v. Coleman* (2024) 98 Cal.App.5th 709, 724 [defendant's failure to request striking of enhancements under § 1385 forfeited issue on appeal].) Even if we broadly construed Griffin's request to dismiss his enhancements under section 1385, subdivision (c) as encompassing a request to strike the deliberation and premeditation finding, we agree with the People that a deliberation and

premeditation finding is not an enhancement subject to relief under section 1385, subdivision (c). (*People v. Serrano* (2024) 100 Cal.App.5th 1324, 1336.)

Third, Griffin asserts that the trial court erred in refusing to exercise its discretion under section 654 to stay his indeterminate sentence for attempted murder and make the sentence for shooting at a vehicle the principal term. Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." At the resentencing hearing, the trial court acknowledged its authority to stay the sentence for attempted murder but declined to do so. On appeal, Griffin argues that his age and rehabilitation warranted a determinate sentence, but he has not demonstrated that the trial court's contrary decision was arbitrary or rested on a misunderstanding of the law. (*Carmony*, *supra*, 33 Cal.4th at pp. 375-376.)

DISPOSITION

The judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.

6